THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE WILSON,

                    Plaintiff,

        v.

CHASE BANK USA, N.A.,

                    Defendant.

NO.  3:12-cv-05388-RBL

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES

Defendant Chase Bank USA, N.A. ("Chase") answers Plaintiff Stephanie Wilson's

Complaint as follows:

**ANSWER**

**Nature of Action**

1.      Chase admits that Plaintiff purports to bring an action for alleged violations of

the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES (Case No. 3:12-cv-05388-RBL) – 1

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-2200

**Jurisdiction**

2.     To the extent that Plaintiff can maintain this action, which Chase denies, Chase admits that jurisdiction was proper in the Superior Court of the State of Washington in and for the County of Clallam.  Chase further states that on May 1, 2012, Chase removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 and that this Court has jurisdiction over this action under 28 U.S.C. § 1331.

**Parties**

3.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies those allegations.

4.     Chase denies that it is a foreign corporation as alleged in Paragraph 4.  Chase states that it is a federally charted national banking association organized and operating under the laws of the United States, with its main office in Newark, Delaware.

**Factual Allegations**

5.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies those allegations.  Chase affirmatively states that it did not receive the February 22, 2010 letter attached to the Complaint as Exhibit A.

6.     Chase denies the allegations in Paragraph 6.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

7.     Chase incorporates by reference its answers to all preceding paragraphs.

8.     Paragraph 8 contains no charging allegations, therefore no response is required.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES (Case No. 3:12-cv-05388-RBL) – 2

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-2200

1    9.    Chase denies the allegations in Paragraph 9.  As for the unnumbered prayer for

2    relief under Paragraph 9, including subparagraphs (a) – (f), no response is required.  Should a

3    response be deemed required, Chase denies each and every allegation contained in this

4    unnumbered prayer for relief, including subparagraphs (a) – (f).

5                                         **AFFIRMATIVE  DEFENSES**

6        **FIRST AFFIRMATIVE DEFENSE**:  The alleged claims and purported claims for

7    relief stated in the Complaint fail to state a claim upon which relief can be granted.

8        **SECOND AFFIRMATIVE DEFENSE**:  Plaintiff has no cause of action under the

9    TCPA because Chase did not call her cell phone number using an automatic telephone dialing

10   system within the meaning of the TCPA, 47 U.S.C. §227(b)(1)(A).

11       **THIRD AFFIRMATIVE DEFENSE**:  Plaintiff has no cause of action under the

12   TCPA because she provided "prior express consent" for all calls allegedly placed to her cell

13   phone by any alleged automatic telephone dialing system.  47 U.S.C. § 227(b)(1)(A).

14       **FOURTH AFFIRMATIVE DEFENSE:**  Plaintiff's claims are barred in whole or in

15   part because she did not suffer any damages.

16       **FIFTH AFFIRMATIVE DEFENSE:**  Plaintiff's claims are barred in whole or in

17   part by the applicable statutes of limitation, laches, and/or other time bars.

18       **SIXTH AFFIRMATIVE DEFENSE:**  Plaintiff's claims are barred by consent,

19   estoppel, ratification, acquiescence, waiver and/or by virtue of the parties' course of dealing.

20       **SEVENTH AFFIRMATIVE DEFENSE:**  Any recovery by Plaintiff is barred in

21   whole or in part by the setoff to which Chase is entitled on Plaintiff's delinquent credit card

22   accounts with Chase.  The outstanding balance due and owing to Chase on Plaintiff's

23   delinquent credit card accounts presently equals no less than $4,327.27, and Chase is further

24

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-2200

entitled to interest accruing on this amount from April 2009 through the present, as well as

any collection costs and expenses, including its attorneys' fees. Chase's right to a setoff

results from, without limitation, Plaintiff's material breach and default under the Cardmember

Agreement governing her delinquent credit card account, as well as her obligations and debt

to Chase for an account stated and monies had and received.

**EIGHTH AFFIRMATIVE DEFENSE:** Any imposition of penalties under these

circumstances would be a violation of the Due Process Clause, Excessive Fines Clause, Equal

Protection Clause and other protections found within the United States Constitution.

Chase has insufficient information or knowledge upon which to form a belief as to

whether it may have additional affirmative defenses available and reserves the right to assert

any such affirmative defenses in the event that discovery indicates they are proper.

WHEREFORE, Chase respectfully requests that the Court grant the following relief:

1.     Deny Plaintiff's claims against Chase and enter judgment in favor of Chase

and against Plaintiff;

2.     Award Chase its expenses of litigation in connection with the Complaint,

including but not limited to reasonable attorneys' fees, costs and disbursements;

3.     Award Chase reasonable attorneys' fees under RCW 4.28.185(5); and

4.     For any other relief as the Court may deem just and proper.

DATED this 7th day of May, 2012.

s/ David A. LeMaster
David A. LeMaster, WSBA 22874
Hackett, Beecher & Hart
1601 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel (206) 624-2200
Fax (206) 624-1767
dlemaster@hackettbeecher.com
Counsel for Defendant

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES (Case No. 3:12-cv-05388-RBL) – 4

1

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2012, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the

following:


Dennis R. Kurz
Weisberg & Meyers, LLC
5025 North Central Avenue, Suite 602
Phoenix, AZ 85012
(888) 595-9111
dkurz@attorneysforconsumers.com


DATED this 7th day of May, 2012.

s/ David A. LeMaster
David A. LeMaster, WSBA 22874
Hackett, Beecher & Hart
1601 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel (206) 624-2200
Fax (206) 624-1767
dlemaster@hackettbeecher.com
Counsel for Defendant

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES (Case No. 3:12-cv-05388-RBL) – 5